UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DSG LOGISTICS, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>ROCHA, INC.,<br><br>                    Defendant. | CASE NO. 2:19-cv-00720-JLR-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**NOTED FOR**: OCTOBER 25, 2019 |

The District Court has referred this matter to U.S. Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 11. The matter is before the Court on plaintiff's motion for a default judgment against defendant. Because plaintiff served defendant in accordance with Federal Rule of Civil Procedure 4, defendant failed to timely appear in this action, the Clerk has entered defendant's

default, and plaintiff's motion is otherwise appropriate under Federal Rule of Civil Procedure 55(b)(1), the District Court should grant plaintiff's motion for a default judgment.

## BACKGROUND

Plaintiff filed its complaint for damages on May 14, 2019, alleging breach of contract, negligence, and violation of 49 U.S.C. § 14706 against defendant, an interstate carrier, for failure to adequately refrigerate plaintiff's cargo during transport. Dkt. 1. Plaintiff timely effected service of copies of the summons and complaint on defendant's blanket company's agent on May 28, 2019. *See* Dkt. 6, at 1.

However, defendant has failed to timely appear or take any action in this matter. *See* Dkt. Plaintiff now requests a default judgment against plaintiff for $48,333.06, including costs, attorney fees, and prejudgment interest. *See* Dkt. 7-1, at 1. The Clerk has entered defendant's default, so that the matter is ripe for decision. *See* Dkt. 12. In addition, defendant has responded to this Court's order to show cause by filing an itemization of costs and attorney fees. *See* Dkts. 13, 15, 16.

## DISCUSSION

Plaintiff requests a default judgment under Federal Rule of Civil Procedure 55(b)(1). *See* Dkt. 7, at 3. Rule 55(b)(1) authorizes the Clerk of the Court to enter default judgment "if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Judgment must be entered "on the plaintiff's request, with an affidavit showing the amount due" "for that amount and costs" if the defendant "has been defaulted for not appearing" and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

1       The Ninth Circuit has stated that Rule 55(b)(1) applies where there is "no doubt"
2 remaining "as to the amount to which [defendant's] default entitled [plaintiff]." *Franchise*
3 *Holding II, LLC v. Huntington Restaurants Grp.*, 375 F.3d 922, 929 (9th Cir. 2004). Moreover,
4 an award of prejudgment interest is discretionary but routinely recognized as an element of
5 complete compensation. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).
6 Prejudgment interest is typically calculated according to the rate set forth in 28 U.S.C. § 1961
7 based on Federal Reserve-published Treasury yields. *See SEC v. Platforms Wireless Int'l Corp.*,
8 617 F.3d 1072, 1099 (9th Cir. 2010).

9       Here, plaintiff asserts that it is entitled $41,302—the difference between the cargo's
10 commercial value at its destination ($73,044) and its salvage value ($31,742). Dkt. 7, at 2.
11 Plaintiff relies on the declaration of its accounting manager (*see* Dkt. 9), who states that plaintiff
12 paid the cargo's commercial value to a consignee and also received payment of the cargo's
13 salvage value. *See* Dkt. 9, at 2.

14       Plaintiff also requests $5,823.50 for attorneys' fees and $809.00 for costs (Dkt. 7-1, at 1)
15 as substantiated by plaintiff's attorney's declaration and based on the parties' contract. *See* Dkt
16 1, at 12; Dkt. 8. Plaintiff's attorney documents approximately 14 hours of substantive work as
17 support for the attorney's fees request and the costs of filing the matter and service of process as
18 support for the costs request. *See* Dkt. 16, at 2–3. The undersigned finds these amounts to be
19 reasonable.

20       Plaintiff further requests appropriate prejudgment interest of 1.93%, or $398.56. *See*
21 Dkt. 7-1, at 1. Thus plaintiff has properly requested a sum certain. Moreover, plaintiff served
22 defendant's authorized agent—"the registered agent of [defendant's] blanket company,
23 Transportation Authority, LLC"—with a copy of the complaint and the summons within 90 days
24

of filing the complaint, in accordance with Federal Rule of Civil Procedure 4.  *See* Dkt. 6; Dkt. 8, at 1.

Therefore the undersigned recommends that the District Court grant plaintiff's motion for a default judgment against defendant in the amount of $ 48,333.06.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **October 25, 2019**, as noted in the caption.

Dated this 9th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge